**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BYRON WALKER, | : | |
| | : | Civil No. 11-4518 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| J.T. SHARTLE, WARDEN, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    **BYRON WALKER**, Petitioner pro se
    #46692-004
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**HILLMAN, District Judge**

    Petitioner, Byron Walker, a federal prisoner confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging his federal conviction. Petitioner names as party respondent, the Warden at FCI Fairton, J.T. Shartle.

    This Court has reviewed the petition, and for the reasons set forth below, will dismiss this habeas action for lack of jurisdiction, as it is a prohibited second or successive motion under 28 U.S.C. § 2255.

## I. BACKGROUND

The following facts are taken from the petition, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of petitioner's allegations.

Petitioner states that he was convicted in federal court on November 4, 1994, for conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846; use of or carrying a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of unregistered firearms with silencers, in violation of 26 U.S.C. § 5861(d) and § 5871. Petitioner filed a timely notice of appeal, and the United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction and sentence on September 2, 1999. The United States Supreme Court denied his petition for a writ of certiorari on October 2, 2000. (Petition, pp. 2-3).

Because Petitioner did not identify the United States District Court where Petitioner had been convicted, the Court conducted a PACER search to verify the procedural and factual history relevant to the conviction now challenged by Petitioner in this § 2241 habeas petition. The Court takes judicial notice of the procedural and factual history as follows.

Pursuant to a judgment of conviction entered on November 4, 1994, in the United States District Court for the Southern District of Florida (Miami), a jury found Petitioner guilty of

the following charges: conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; and possession of unregistered machine gun, in violation of 26 U.S.C. § 5861(d) and § 5871 and 18 U.S.C. § 2. The jury also answered verdict interrogatories finding that Petitioner and his co-defendants had knowingly used or carried a "machine gun," and that each had knowingly used or carried a firearm "equipped with a silencer."  Petitioner was sentenced to an aggregated prison term of 624 months to be followed with five years supervised release.

   Petitioner filed a timely notice of appeal.  On September 2, 1999, the United States Court of Appeals for the Eleventh Circuit issued a per curiam opinion affirming Petitioner's conviction and sentence.  On October 2, 2000, the United States Supreme Court denied his petition for a writ of certiorari.  Walker v. United States, 531 U.S. 837 (2000).

   On September 26, 2001, Petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, alleging two grounds for relief.  Namely, Petitioner asserted (1) a claim of ineffective assistance of appellate counsel for failure to challenge the absence of a Pinkerton[1] instruction, and (2) that his Fifth Amendment right of due process and his Sixth

---

   [1]   Pinkerton v. United States, 328 U.S. 640 (1946).

3

Amendment right to a trial by jury were violated when he was charged and convicted by a jury for conspiracy to possess with intent to distribute a detectable amount of cocaine, but was sentenced for an amount that had not been proven beyond a reasonable doubt. The second claim was based on the then-recent Supreme Court decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). (See Walker v. United States of America, Civil No. 1:01-cv-03990-DTKH (United States District Court for the Southern District of Florida (Miami)) at Docket entry nos. 1 and 3).

On May 16, 2002, an Order was entered in the United States District Court for the Southern District of Florida denying Petitioner's § 2255 motion for the reasons stated in the Report and Recommendation of the Magistrate Judge filed on April 30, 2002. (Id, Docket entry nos. 18 and 19). Petitioner appealed to the Eleventh Circuit, and on or about August 31, 2004, a mandate of the Eleventh Circuit was issued, including the certified copy of the judgment and opinion of the Eleventh Circuit (decided January 29, 2004), which affirmed the denial of Petitioner's § 2255 motion. (Id., Docket entry no. 33).

Thereafter, on or about April 19, 2010, Petitioner filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), namely, with respect to the denial of his § 2255 motion. (Id., Docket entry no. 39). In an Order entered on April 26, 2010, the district court denied Petitioner's Rule 60(b) motion. The court held that "[b]ecause petitioner is essentially attacking this

4

court's previous resolution of his § 2255 petition on the merits, the instant Rule 60(b) motion operates as a second or successive motion to vacate, and petitioner is required to move the Eleventh Circuit Court of Appeals for an order authorizing this court to consider it as a successive habeas petition.  Without such authorization, this court lacks subject matter jurisdiction to determine the motion.  See generally Torres v. United States, 2009 WL 3030207 (11th Cir. 2009); United States v. Winston, 2009 WL 3080848 (11th Cir. 2009)."  (Id., Docket entry no. 41 at pp. 2-3).  On or about May 13, 2010, Petitioner filed an appeal from the April 26, 2010 Order to the Eleventh Circuit.  He also moved for a certificate of appealability.  (Id., Docket entry nos. 46 and 47).  On June 29, 2010, the district court dismissed the motion for a certificate of appealability for lack of subject matter jurisdiction.  (Id., Docket entry no. 50).  On November 24, 2010, the Eleventh Circuit denied Petitioner's motion for issuance of a certificate of appealability because Petitioner failed to make the requisite showing of the denial of a constitutional right.  (Id., Docket entry no. 58).

Thereafter, on or about August 5, 2011, Petitioner filed the instant habeas petition pursuant to 28 U.S.C. § 2241 and/or 28 U.S.C. § 1651, in which he challenges the constitutionality of his custody and the execution of his sentence.  He also asserts claims of "Factual/Actual Innocence and Fundamental Miscarriage

of Justice" admittedly as exceptions that would permit him to seek habeas relief. (Petition at pg. 2).

In particular, Petitioner alleges that the sentence imposed for his conviction under the conspiracy count in violation of 21 U.S.C. § 846 and § 841(a)(1)) was unconstitutionally applied to him because these states do not contain a definition of a penalty. He also contends that the indictment had no reference to 21 U.S.C. § 841(b)(1)(A), and therefore, it cannot be applied for purposes of imposing his sentence upon a conviction of § 846. Thus, Petitioner argues that his indictment and conviction under §§ 846 and 841(a)(1) lacked fair notice of a penalty and consequently he was denied due process as guaranteed under the Fifth Amendment. (Petition at pp. 3-7). Further, Petitioner argues that the Government failed to meet the legal requirements of § 841(b)(1)(A)(ii) because it did not submit proof of the chemical analysis of the substance as cocaine or the weight of the substance, which criteria are necessary for the district court to impose a sentence under § 841(b)(1)(A), and thus, the district court lacked authority or jurisdiction to impose the sentence in this matter. (Petition at pp. 7-12).

Petitioner also claims that the mandatory minimum sentence of thirty (30) years should not have been imposed because the Pinkerton doctrine of co-conspirator liability is unconstitutional. (Petition at pp. 12-14).

6

## II. DISCUSSION

### A. Standards for a Sua Sponte Dismissal

Section 2243 provides in relevant part as follows:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Petitioner brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend
> to a prisoner unless- . . . He is in custody
> in violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

### B. Jurisdiction

Here, it would appear that Petitioner is arguing that he is entitled to habeas relief under § 2241, despite the fact that he

7

had filed an earlier § 2255 motion before his sentencing court, which had been denied, based on newly asserted claims of actual innocence and fundamental miscarriage of justice.  Thus, it would appear that he contends that relief under § 2255 is "inadequate or ineffective" so as to proceed under § 2241.  Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir.1997).

As noted by the United States Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.[2]  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D.Pa. 1997)(challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Generally, challenges to the validity of a federal conviction or sentence by motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  In

---

[2]  As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).

addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil

because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

Thus, under Dorsainvil, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review.  119 F.3d at 251-52; see also Okereke, 307 F.3d at 120; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

In this case, Petitioner fails to demonstrate that he had no other opportunity to seek judicial review with regard to the claims now asserted in his petition.  In fact, his claims are nothing more than his contorted, re-characterized version of similar claims he raised on direct appeal and in his first § 2255 motion.  Thus, it would appear that Petitioner is seeking yet another opportunity and a different court to challenge his conviction and sentence on the same grounds that he has raised in his past attempts to overcome his federal conviction and the lengthy sentence imposed.  Petitioner does not cite any retroactive change in substantive law that would negate the criminality of his conduct; and he plainly fails to show that he had no other opportunity to seek judicial review.  He also does

not contend that there is "newly discovered evidence" that would negate his conviction.  See 28 U.S.C. § 2255(e)(2)(A)(ii).

Moreover, to the extent Petitioner is claiming actual innocence with respect to his § 846 and § 841(a)(1) conviction, such claim also fails to warrant habeas relief in this instance. A freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court.  See House v. Bell, 547 U.S. 518 (2006); Baker v. Yates, 2007 WL 2156072 (S.D. Cal. July 25, 2007) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case."). In a noncapital case such as this, an assertion of actual innocence is ordinarily "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed. 2d 203 (1993); Whitby v. Dormire, 2 Fed. Appx. 645, at *1 (8th Cir. 2001); Mansfield v. Dormire, 202 F.3d 1018, 1023-24 (8th Cir. 2000).

In House, the United States Supreme Court was presented with a freestanding claim of innocence, but it "decline[d] to resolve this issue."  House, 126 S.Ct. at 2087.  The Supreme Court did, however, provide some insight into what might be required to prove such a claim.  Id. (noting, "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it.").  The Court recognized, as it did in Herrera,

11

that the standard for any freestanding innocence claim would be "'extraordinarily high,'" id. (quoting Herrera, 506 U.S. at 417), and it would require more than the showing required to make a successful gateway innocence claim.  Id. at 2087 ("The sequence of the Court's decisions in Herrera and Schlup[3]-first leaving unresolved the status of freestanding claims and then establishing the gateway standard-implies at the least that Herrera requires more convincing proof of innocence than Schlup.").  Even assuming that such a freestanding claim could be raised, Petitioner in this instance has not met or even approached an "extraordinarily high" standard here.  Indeed, his allegations wholly fail to support any factual innocence, but rather are based erroneously on legal technicalities.

Indeed, Petitioner's factual innocence claim seems to be based on the argument that the trial court erred and his trial counsel was ineffective in allowing a Pinkerton instruction to the jury, which served to relieve the Government of its burden of proof on essential elements of the crime.  Further, his claim concerning the § 846 and § 841(a)(1)(A) conviction pertains only to requisite criteria for imposition of the sentence, and not as to his factual innocence.  Again, similar claims were raised by Petitioner in his earlier § 2255 motion brought before the sentencing court.

---

[3]   Schlup v. Delo, 513 U.S. 298, 327 (1995).

12

Therefore, Petitioner has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  As stated above, Petitioner fails to show any intervening change in the law that renders non-criminal the counts for which he was convicted.  For the same reasons, Petitioner's arguments also fail to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  Therefore, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court lacks jurisdiction.[4]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case already has filed an earlier § 2255 motion, and a Rule 60(b) motion that was construed as a second or successive § 2255 motion, both of which were addressed by the sentencing Court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

This Court finds that it would not be in the interests of justice to transfer this Petition to the Eleventh Circuit given the considerable amount of time that has elapsed from Petitioner's last § 2255 motion, which shows lack of diligence on Petitioner's part in this case. Accordingly, this Petition will be dismissed for lack of jurisdiction.

### III. CONCLUSION

For the reasons set forth above, this habeas action will be dismissed with prejudice for lack of subject matter jurisdiction, because it is a second or successive § 2255 motion challenging petitioner's federal sentence. An appropriate order follows.

                                               s/ Noel L. Hillman
                                               NOEL L. HILLMAN
                                               United States District Judge

At Camden, New Jersey

Dated: March 2, 2012